UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFEREY S. NEDD,<br><br>        Plaintiff,<br><br>    v.<br><br>LANDON BIRD, et al.<br><br>        Defendants. | Case No. 1:23-cv-01630-HBK (PC)<br><br>ORDER DIRECTING CLERK TO RANDOMLY ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>(Doc. No. 16)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's Third Amended Complaint. (Doc. No. 16). For the reasons set forth below, the undersigned recommends the district court dismiss the Third Amended Complaint because it fails to state any cognizable federal claim and any further amendments would be futile.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and

---
[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

dismiss the complaint, or any portion, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d

245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a pro se litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . . ."  *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

Plaintiff Jefferey S. Nedd ("Plaintiff" or "Nedd") is a state prisoner who is proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.  (Doc. Nos. 1, 5).  On November 22, 2023, the undersigned screened Plaintiff's Complaint and found that it failed to state any cognizable constitutional claim.  (*See* Doc. No. 6).  The Court advised Plaintiff of the pleading deficiencies and applicable law and afforded Plaintiff the opportunity to file an amended complaint.  (*Id*.).  Plaintiff timely filed a First Amended Complaint.  (Doc. No. 7, "FAC").  On November 28, 2023, the Court screened Plaintiff's FAC and found it also failed to state any cognizable claim.  (*See* Doc. No. 8).  On November 29, 2023, Plaintiff filed a proposed second amended complaint, presumably before he received the Court's November 28, 2023 Screening Order.  (Doc. No. 9).  On December 5, 2023, Plaintiff filed two nearly identical proposed amended complaints, with one copy being unsigned and the other signed.  (*See* Doc. Nos. 12, 13).  On March 5, 2024, the Court disregarded Plaintiff's presumably prematurely filed proposed second amended complaint, struck the unsigned amended complaint, and directed the Clerk to accept and file the other signed proposed amended complaint as the operative Third Amended Complaint in this case.  (*See* Doc. Nos. 15, 16, "TAC").  The Court also liberally construed Plaintiff's declaration and exhibits (Doc. No. 14) filed on December 26, 2023, as part of his Third Amended Complaint.  (*Id*. at 3).

The events in the TAC took place at Valley State Prison in Chowchilla, CA ("VSP").  (*See generally id*.).  The TAC identifies the following VSP staff as Defendants: (1) Warden Landon Bird; (2) Correctional Sergeant John Doe #1; (3) Correctional Officer John Doe #2, (4)

Office Technician John Doe #3, and (4) Litigation Coordinator John Doe #4. (*Id*. at 3). Liberally construed, the TAC and supporting declaration alleges a First Amendment access to court claim. (*Id*.). The following facts are presumed to be true at this stage of the screening process and due to their brevity, the Court recites them in full below:

> On or about 3-10-23 I timely mailed my appeal of denial of petition for Habeas corpus to the 9th Circuit. Pursuant to CDCR and Valley State Prison policies Def[endant] John Doe #2 mailroom employees failed to process my mail to the 9th Circuit so that defendant John Doe #3 under the supervision of John Doe #1 Mailroom sergeant Plaintiff further alleges that Defendants [sic] Bird was aware of the delaying of Plaintiff mails [sic] pursuant to an underground policy establsted [sic] by Bird as show [sic] by the grievance Plaintiff further alleges that Defendant Bird is liable as he had knowledge of the violations and policy, had the power to stop this policy and deliberately failed to do so in violation of 42 USC, 1986 Defendant John Doe #4 as litigation coordinator was aware of Plaintiff['s] petition and filing deadlines as he is in contact with California Atty General's Office and is apprised of all legal filings by prisoners at valley state Plaintiff further alleges that Defendant Bird is liable as he had knowledge of violations and policy had the power to stop this policy and deliberately failed to do so.

(*Id*. at 3, 5) (lack of punctuation in original). The TAC does not specify any relief being sought.

Nedd's declaration filed in support of his TAC attaches the following exhibits: (1) Docket summary for Nedd's federal habeas petition, Case No. 1:22-cv-704; (2) Docket summary for Nedd's Ninth Circuit appeal, Case No. 23-15730; (3) a copy of an Office of Appeal Decision dated October 21, 2023 regarding Nedd's interference with mail claim; (4) a copy of an Office of Grievances Decision dated November 21, 2023 regarding Nedd's interference with mail claim; (5) a letter dated September 5, 2023 from attorney Richard Fitzer; and (6) a copy of a July 25, 2023 Order from the Ninth Circuit denying Nedd's request for a certificate of appealability. (Doc. No. 14 at 4-18). In considering Plaintiff's TAC, the Court also takes judicial notice of its own files and the files of the Ninth Circuit Court of Appeals.[2]

---

[2] Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice on its own or at the request of any party. *Id.* 201(c). Courts may take judicial notice of court proceedings "if those proceedings have a direct relation to the matters at issue." *United States ex. Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

Nedd filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 10, 2022 in this Court that was docketed at Case No. 1:22-cv-00704-JLT-HBK. On March 29, 2023, the district court adopted the magistrate judge's findings and recommendations to grant respondent's motion to dismiss the petition as time barred, and to deny Nedd a certificate of appealability. *Nedd v. Bird*, No. 1:22-CV-0704 JLT HBK, 2023 WL 2696633, at *1 (E.D. Cal. Mar. 29, 2023), *certificate of appealability denied,* No. 23-15730, 2023 WL 5163337 (9th Cir. July 25, 2023). Judgment was entered that same day. *Id.* Specifically, the district court determined that Petitioner had until July 13, 2021, to file a timely federal habeas petition and his petition filed in this Court was filed nearly a year after any petition should have been filed and he otherwise failed to show he was entitled to statutory or equitable tolling. (*Id.*, s*ee also* Doc. No. 14 at 9). Nedd filed a notice of appeal on May 10, 2023. (Doc. No. 14 at 9). After the Ninth Circuit directed Nedd to show cause why the notice of appeal should not be dismissed as untimely, on July 25, 2023, the Ninth Circuit denied Nedd a certificate of appealability finding "the notice of appeal was not timely filed and Nedd did not file a motion to extend time for appeal in the district court." *Nedd v. Bird*, No. 23-15730, 2023 WL 5163337, at *1 (9th Cir. July 25, 2023); (*see also* Doc. No. 14 at 18). The Ninth Circuit denied Nedd's motions for reconsideration. (Doc. No. 14 at 12).

Plaintiff alleges that Defendant John Doe #2 failed to mail Plaintiff's timely March 10, 2023 notice of appeal of the denial of habeas corpus petition to the Ninth Circuit, denying him access to the courts. Plaintiff attributes liability to the other Defendants based on respondeat superior or an unspecified and wholly conclusory allegation that a "policy" resulted in the delay in the mailing of his timely notice of appeal.

## APPLICABLE LAW AND ANALYSIS

### A. Respondeat Superior and Rule 8

Liberally construed, Plaintiff assigns fault to various John Does and the Warden stemming from John Doe #2's alleged failure to timely mail his notice of appeal. Liability under section 1983 arises only upon a showing of personal participation by the defendant. "There is no respondeat superior liability under section 1983." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (citations omitted). A supervisor is only liable for constitutional violations of his

5

subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. *Id.*, *see also Starr v. Baca,* 652 F.3d 1202, 1206–07 (9th Cir. 2011). Here the TAC contains no allegations that any of the John Does or the Warden were involved in John Doe No. 2's alleged failure to mail the notice of appeal.

Plaintiff avers that a "policy" caused the alleged mailing delay. The allegation that a "policy" caused any alleged mail delay is wholly conclusory as the TAC contains no allegations whatsoever identifying any "policy." *See Harrison v. Campbell*, 2023 WL 7525950, at *2 (E.D. Cal. Nov. 13, 2023) (finding complaint failed to state a claim where, inter alia, plaintiff challenged a state-wide policy, "but fail[ed] to allege the substance of the policy."); s*ee also Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010) (To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy."). Although a complaint need not contain detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted).

The undersigned now turns to the sole claim against John Does #2.

**B. First Amendment – Access to Courts**

Inmates have a First Amendment constitutional right of access to the courts, and prison officials may not actively interfere with an inmate's right to litigate. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). Courts have traditionally differentiated between two types of access claims, those involving the right to affirmative assistance to litigate a potential claim, and those involving an inmate's right to litigate without active interference once a claim is initiated. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), overruled on other grounds as stated by *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015); *see also Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). Where, as here, an inmate is alleging a backward looking access to court violation, he must show: (1) his access is being "frustrated" or "impeded" and he was, or is, suffering an "actual injury"; (2) the claim he is bringing is a non-frivolous claim; and (3) the claim must involve his criminal conviction or

sentence or the conditions of his confinement., i.e. claims involving direct criminal appeals, petitions for writs of *habeas corpus*, and civil rights actions brought under section 1983 to vindicate basic constitutional rights. *Lewis*, 518 U.S. at 351-53; *Christopher*, 563 U.S. at 413-14. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis* at 355 (emphasis omitted).

A habeas petition that challenges a state court conviction is a qualifying case for purposes of satisfying the third requirement of *Lewis, supra*. However, Plaintiff cannot satisfy either steps one or two of *Lewis*. Regarding the first requirement, Nedd claims he delivered his timely appeal on March 10, 2023 and "John Doe #2 mailroom employees failed to process my mail to the 9th Circuit." While failing to process a notice of appeal that was timely delivered to a correctional official for mailing would normally satisfy the first step, here the procedural posture of Nedd's habeas corpus action, the exhibits attached to Nedd's declaration, and his own dated and signed filings in his underlying habeas case belie Plaintiff's averments of fact in this action. As an initial matter, the district court did not deny the petition until March 29, 2023. Thus, a notice of appeal delivered by Nedd to John Doe #2 for mailing on March 10, 2023 would have been premature. Second, Nedd's notice of appeal, which is attached to the March 29, 2023 dismissal order, was signed and dated by Nedd on May 5, 2023.[3] (*See* Case No. 1:22-cv-00704-JLT-HBK, Doc. No. 22 at 1). Further, in response to Nedd's grievance, correctional officials reviewed the mailroom logbooks and determined:

> The Legal Log confirms [Nedd] sent out legal mail to US Court of Appeal for the 9th Circuit on 5/8/2023 and did not request for his legal mail to be certified for tracking. The mailing received was received by Mailroom staff on 5/8/2023 and was sent out via United States Postal Service (USPS) on 5/8/2023.

(Doc. No. 14 at 15). Nedd's appeal was docketed by the district court on May 10, 2023 (*See* Case No. 1:22-cv-00704-JLT-HBK, Doc. No. 22) and processed by the Ninth Circuit on May 12, 2023 (Case No. 23-15730). (Doc. No. 14 at 9, 12). On May 15, 2023, the Ninth Circuit issued an

---

[3] To be timely, Nedd needed to file his Notice of Appeal no later than April 28, 2023, thirty (3) days after entry of judgment of the order sought to be appealed. Fed. R. App. P. 4(a)(1)(A). Thus, even affording Nedd the benefit of the mailbox rule, his Notice signed and dated May 5, 2023 would be untimely.

order directing Nedd to show cause why his appeal should not be dismissed as untimely. (Doc. No. 14 at 12). Contrary to Plaintiff's assertions in his TAC that he timely delivered the notice of appeal and John Doe #2 failed to mail it, in his response to the Ninth Circuit's show cause order Nedd made no mention that he had earlier delivered his notice to appeal to John Doe #2 but instead offered the following explanations:

> I tried filing my Notice of Appeal in the District Court and it was sent back unfiled. So I had to file it with the Ninth Circuit. Because of this, the filing was late.
>
> . . .
>
> I sent my paperwork to Richard Fitzer the Attorney I had and he said he made copys [sic] of the paperwork. I never new [sic] I had to file them. Mr. Fitzer gave me the wrong paperwork to send to you guys.

(*See* Case No. 1:22-cv-00704-JLT-HBK, Doc. No. 26 at 1-2).

As a rule, the Court accepts the facts as pled in a complaint as true. However, where the facts are contradicted by the exhibits or by matters of which the court may take judicial notice, the Court need not accept the facts in a complaint as true. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001) (citing *Mullis v. United States Bankr.Ct.,* 828 F.2d 1385, 1388 (9th Cir. 1987); *see also Simmons v. Koh*, 2021 WL 4267484, at *2 (N.D. Cal. Sept. 17, 2021) (finding plaintiff's complaint failed to state a claim based in part on judicially noticed facts in attached exhibits, which contradicted the complaint); *Dilbert v. CDCR*, 2023 WL 8358502, at *3 (E.D. Cal. Mar. 23, 2023) (same). Here, the exhibits attached to Plaintiff's declarations and both this Court's and the Ninth Circuit's dockets evidence that Plaintiff submitted his May 5, 2023 notice of appeal to correctional officials for mailing and that correctional officials promptly mailed the May 5, 2023 notice of appeal. (*See* Doc. No. 14 at 4-18). Plaintiff's contention that he delivered his notice of appeal to John Doe #2 for mailing on March 10, 2023, even if true, would have no effect since the Court had not yet issued its order denying the petition.

Further, the district court's docket does not reflect that any pleading, including a notice of appeal was "sent back," but indeed reflects that the May 5, 2023 Notice of Appeal was received and docketed on May 10, 2023, consistent with correctional officials' Legal Mail logbook noting

a mailing of May 8, 2023.  Thus, Plaintiff cannot point to an act by any correctional official that frustrated Plaintiff's prosecution of his habeas case, other than his own belated filing of the notice of the appeal.  *See Hennings v. Cates*, No. 22-55484, 2023 WL 8469341, at *1 (9th Cir. Dec. 7, 2023) ("Hennings' untimely filing, then, was caused not by his restricted access to the library, but by his own lack of diligence or his lack of awareness of the applicable AEDPA statute of limitations.").

Likewise, Plaintiff cannot satisfy the second element—a meritorious case.  Here, the district court dismissed Nedd's habeas corpus petition because it was filed more than a year after AEDPA's one-year limitation period had expired, and the district court further had denied Plaintiff a certificate of appealability.  Further, the Ninth Circuit, after affording Plaintiff an opportunity to show cause why it should not deny the notice of appeal as untimely also denied Plaintiff a certificate of appealability. Thus, Plaintiff cannot show that he was obstructed from prosecuting a meritorious case and suffered an actual injury.  *See Franks v. Johnson*, 2022 WL 3137438, at *4 (C.D. Cal. May 16, 2022) ("A missed filing deadline, by itself, is not enough to state an access to the courts claim.  The plaintiff must identify his underlying claim and show that it arguably had some merit"), *report and recommendation adopted*, 2022 WL 4842987 (C.D. Cal. Sept. 30, 2022); *see also Mejia v. Cate*, 2013 WL 684456, at *3 (E.D. Cal. Feb. 21, 2013) (finding no access to courts claim stated where plaintiff filed untimely habeas petition and did not allege facts showing that the substance of his appeal was non-frivolous.).

**CONCLUSION AND RECOMMENDATION**

Based on the above, the undersigned finds Plaintiff's Third Amended Complaint fails to state any cognizable claim.  The TAC suffers from many of the same pleading deficiencies that the undersigned identified and explained to Plaintiff in screening his original Complaint and First Amended Complaint.  (*See* Doc. Nos. 6, 8).  Plaintiff reasserted many of the same claims that were asserted in his prior complaints.  Despite being provided with guidance and the appropriate legal standards and multiple opportunities to amend his complaint, Plaintiff was unable to cure the deficiencies identified above.  A plaintiff's repeated failure to cure a complaint's deficiencies constitutes "a strong indication that the [plaintiff has] no additional facts to plead." *Zucco*

9

1  *Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation and internal quotation marks omitted).  Thus, the undersigned recommends that the district court dismiss the FAC without further leave to amend.  *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992)) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

ACCORDINGLY, it is **ORDERED**:

The Clerk of Court randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

The Third Amended Complaint (Doc. No. 16) be dismissed under § 1915A for failure to state a claim and this case be dismissed.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   March 20, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

10